UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFF SMITH,

    Plaintiff,

vs.

CITY OF UNION POLICE
DEPARTMENT,

    Defendant.

Case No. 3:22-cv-96

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Doc. No. 27); (2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 22); AND (3) DIRECTING PLAINTIFF TO FILE HIS SECOND AMENDED COMPLAINT (Doc. No. 27) AS A SEPARATE DOCUMENT ON THE DOCKET BY JULY 24, 2023**

---

This case is before the Court on Defendant City of Union Police Department's ("Union PD") motion for judgment on the pleadings. Doc. No. 22. Plaintiff Jeff Smith ("Smith") responded in opposition (Doc. No. 26) and moved for leave to file a second amended complaint (Doc. No. 27). Union PD responded in opposition to Smith's motion (Doc. No. 33), and Smith replied (Doc. No. 36). Thus, both Union PD's motion for judgment on the pleadings and Smith's motion for leave to file a second amended complaint are now ripe for review.

**I.**

After Smith initiated this case on April 12, 2022, Union PD answered, and the case proceeded to discovery. *See* Doc Nos. 1, 7, 8–11. Smith subsequently filed his first amended complaint on October 28, 2022, which Union PD answered. *See* Doc. Nos. 20, 21. Union PD then filed the present motion for judgment on the pleadings. Doc. No. 22. Union PD argues that it is not *sui juris*; thus, the claims against it must be dismissed. *Id.* at PageID 90–91. This prompted

Smith to concurrently file both his response and his motion for leave to amend (Doc. Nos. 25 and 27), seeking to substitute the City of Union ("Union") for Union PD as Defendant. Smith maintains that he mistakenly identified the Union PD, but Union has known it is the proper party from the beginning of these proceedings. Doc. No. 27 at PageID 104. Smith moved to amend the complaint after the deadline for amending pleadings. *See id.*; Doc. No. 19 at PageID 55. Union PD contends that Smith lacks good cause to amend his complaint and has violated S.D. Ohio Civ. R. 7.3 by neglecting to request Union PD's consent before moving for leave to file his second amended complaint. Doc. No. 33 at PageID 140–41.

## II.

Three rules are implicated here: Fed. R. Civ. P. 15, 16, and 12(c). "Federal Rule Civil Procedure 15(a) provides that leave to amend a pleading should be 'freely given when justice so requires.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). However, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)); *see also Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

## III.

For reasons more fully stated herein, the Court finds good cause exists for Smith's second motion to amend the complaint and that Union will not suffer any undue prejudice. Because permitting Smith to amend will allow this case to be decided on its merits rather than a technical

error, Smith may substitute Union for Union PD as the named Defendant.  Further, because Union PD's sole basis for moving for judgment on the pleadings is that it is not *sui juris*, the Court finds that Union PD's motion for judgment on the pleadings is moot.

As a preliminary matter, Smith erred in bringing claims against Union PD, which is not *sui juris*.  *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002) ("Police departments are not *sui juris*; they are merely sub-units of the municipalities they serve" (citing *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987))).  Because Smith recognized this error and moved to amend his complaint to correct this issue after the scheduling order deadline, the Rule 16 standard applies.  *See* Doc. No. 19 at PageID 55; Doc. No. 27 at PageID 103; *Leary*, 349 F.3d at 909.

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (citations omitted).  Here, while Smith erred by not naming Union at the case's outset, Union PD initially participated in case proceedings and "acted from the outset of litigation as if the proper party had been named." *Berry v. Delaware Cnty. Sheriff's Off.*, No. 2:16-cv-296, 2019 WL 13255311, at *2 (S.D. Ohio Jan. 23, 2019); *see* Doc. Nos. 7, 9, 12.  Union PD only raised that it is not *sui juris* after Smith first amended his complaint, leading to Smith's second motion for leave to amend.  *See* Doc. Nos. 20, 22, 27.  "A party seeking to modify a scheduling [o]rder need not show perfect diligence, but can establish good cause when it can show that it has been reasonably diligent." *Reed v. Hope Depot U.S.A., Inc.*, No. 2:16-cv-926, 2017 WL 5202684, at *2 (S.D. Ohio May 15, 2017).  Here, Smith exercised reasonable diligence by seeking leave to remedy the issue soon after receiving notice.  Moreover, the case proceeded as far as it did in part because

3

of Union PD's engagement. *See Byrd v. Charter Commc'ns, Inc*, No. 1:18-cv-415, 2019 WL 13195202, at *3 (N.D. Ohio June 7, 2019) (acknowledging plaintiff's mistake but still finding good cause because defendant took "an active role in defending this lawsuit . . . and litigating the case as if it was the actual named [d]efendant"); *Berry*, 2019 WL 13255311, at *2. Thus, the Court finds good cause for granting Smith's motion for leave to amend.

Nonetheless, the Court must consider "possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625 (citations omitted); *see also Leary*, 349 F.3d at 909. Union PD states that Union would be prejudiced because the Court would have to modify the Scheduling Order, delaying this case. Doc. No. 33 at PageID 140. Meanwhile, Smith states there would be no prejudice because the proposed amendment is a technical correction with no new facts or claims. Doc. No. 36 at PageID 153. Smith also states that Union's counsel has participated in this case since it began. *Id.* Taken all together, this suggests that granting Smith's motion to amend will have little substantive effect, let alone any prejudice, on the ongoing litigation, other than resolving a technical issue. *See, e.g.*, *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) ("The amended cause of action is not so different as to cause prejudice to the defendants"); *First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:16-cv-138, 2017 WL 2735516, at *3 (E.D. Ky. June 26, 2017) ("[T]he prejudice determination is ultimately for the Court, considering the totality, the parties' offerings, and the case record and status").

Turning next to Rule 15, the Court "should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted). While, as stated above, Smith should have realized the error earlier, Smith promptly moved to

4

correct it upon notice.  Doc. No. 22, 27.  Moreover, there is no evidence of bad faith or undue delay.  Finally, futility is not a concern.  In fact, substituting Union as Defendant will ensure that this case is resolved on its merits rather than on technicalities over whether an entity is capable of being sued.  *See id.*  Additionally, the amendment relates back because Union, the proper Defendant, is aware that it would have been the Defendant if not for Smith's mistake.  Doc. No. 27 at PageID 104–05; Fed. R. Civ. P. 15(c); *Byrd*, 2019 WL 13195202, at *3.  Thus, Rule 15 favors granting leave to amend.  *See Tefft*, 689 F.2d at 639 ("The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings").

Finally, Union PD's claim—that Smith violated S.D. Ohio Civ. R. 7.3—is misplaced.  Rule 7.3(b) only applies to a motion "to which other parties might reasonably be expected to give their consent[.]"  While that rule lists motions to amend pleadings as an example, *see* Rule 7.3(b),  it is not applicable in the instant case where Union PD moved for judgment on the pleadings based upon the error that Smith now seeks to amend.  Doc. No. 22, 27.

**IV.**

Accordingly, Smith's motion for leave to file a second amended complaint (Doc. No. 27) is **GRANTED**, and Union PD's motion for judgment on the pleadings (Doc. No. 22) is **DENIED WITHOUT PREJUDICE**.  The Court **ORDERS** Smith to file the second amended complaint attached as an exhibit to his motion as a separate document on the docket **by July 24, 2023**.  If he does not do so by July 24, 2023, this case should proceed on the pleadings as they now stand.

**IT IS SO ORDERED.**

  July 13, 2023                             s/Michael J. Newman
                                                       Hon. Michael J. Newman
                                                       United States District Judge